Sharon PARVEN–MCGLADDERY,
Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 02–1052.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before RYAN, CLAY, and GIBBONS,
Circuit Judges.

### ORDER

Sharon Parven–McGladdery appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument, and this panel agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Parven–McGladdery filed an application for social security disability benefits alleging that she was disabled due to fibromyalgia, depression, anxiety, pain, and chronic fatigue syndrome. After a hearing, an administrative law judge (ALJ) determined that Parven–McGladdery was not disabled because she could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Parven–McGladdery then filed a complaint seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court subsequently granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Parven–McGladdery states that the ALJ did not properly evaluate her fibromyalgia. The ALJ did not dispute Parven–McGladdery's diagnosis of fibromyalgia or that the disease imposed significant limitations on her ability to perform work related activities. To the contrary, the ALJ found that Parven–McGladdery had severe fibromyalgia and limited her ability to lift no more

than twenty pounds occasionally and ten pounds frequently. Further, the ALJ stated that Parven–McGladdery had to alternate between sitting and standing as necessary to relieve discomfort. The ALJ also limited Parven–McGladdery to unskilled work with no detailed or complex assignments and no high levels of production. Rather than rejecting the diagnosis of fibromyalgia, the ALJ fully accepted Parven–McGladdery's credible limitations caused by the fibromyalgia. Therefore, the ALJ did recognize the existence of the condition.

Parven–McGladdery contends that a patient who suffers from fibromyalgia can be found disabled, citing *Sarchet v. Chater*, 78 F.3d 305 (7th Cir.1996). However, the court noted in *Sarchet* that, although some people suffering from fibromyalgia may be totally disabled, most people inflicted with the disease are not disabled. *Id.* at 307. Thus, just because Parven–McGladdery suffers from fibromyalgia does not mean that she is automatically disabled.

Parven–McGladdery contends that the ALJ failed to give proper weight to the opinion of Dr. Ianni. The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *see Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 857 (6th Cir.1990), and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of a treating physician where good reason is found in the record to do so and is not bound by the conclusory statements that a claimant is disabled. *See Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir.1988). The ALJ stated that he gave Dr. Ianni's opinion weight, but not controlling weight. The ALJ noted that Dr. Ianni is a treating physician who felt that Parven–McGladdery was disabled. The ALJ stated that

disability determinations are reserved for the Commissioner. Thus, Dr. Ianni's opinion was not entitled to controlling weight on this issue.

Parven–McGladdery argues that the ALJ's hypothetical question to the vocational expert was not complete because it did not include all her limitations. Parven–McGladdery argues that although the ALJ found that she often experienced deficiencies in concentration, the ALJ failed to properly include the limitation in the hypothetical question to the vocational expert. The ALJ accommodated this impairment by limiting Parven–McGladdery to unskilled work that did not require detailed or complex assignments, or high levels of stress or production.

Although Parven–McGladdery contends that the ALJ failed to properly assess her mental limitations and her ability to perform work, the ALJ incorporated the mental residual functional capacity assessment in his hypothetical to the vocational expert. The ALJ found that as a result of Parven–McGladdery's concentration problems, she could not perform detailed or complex assignments. Further, she could not function with high levels of stress or production. As the ALJ's hypothetical to the vocational expert reflected Parven–McGladdery's mental deficiencies, it was not improper for the ALJ to rely on the vocational expert's testimony to conclude that Parven–McGladdery was not disabled.

Finally, Parven–McGladdery asserts that the district court erred by relying on *Buxton v. Halter*, 246 F.3d 762 (6th Cir. 2001). Parven–McGladdery states that this case was not cited by either party or the magistrate judge in his report and recommendation. Parven–McGladdery cites no authority to suggest that the district court is precluded from considering or relying on authority not cited by either party. Although Parven–McGladdery at-

tempts to distinguish *Buxton* from her case, the district court relied on *Buxton* only for the applicable standard of judicial review. The district court correctly noted that the Commissioner's decision must be affirmed if it is supported by substantial evidence. Thus, it was not erroneous for the district court to rely on *Buxton.*

Accordingly, we affirm the district court's judgment.